UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIO MARTIN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>SUPERINTENDENT, New Castle )<br>Correctional Facility, )<br>)<br>Respondent. ) | No. 1:16-cv-02584-SEB-DML |

**Entry Granting Respondent's Motion to Dismiss
and Directing Entry of Final Judgment**

In this habeas action, petitioner Antonio Martin challenges a prison disciplinary conviction for refusal to participate in mandatory programming, case No. NCF 15-10-0241. The petitioner was found guilty on October 29, 2015, and a sanction of a suspended demotion from credit class I to III was imposed.

The respondent seeks the dismissal of this action on the grounds that the petitioner failed to exhaust his administrative appeals process. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Indiana Department of Correction Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that the petitioner failed to timely complete the administrative appeals process, and because the time to complete the administrative appeals process has passed, no relief can be given under federal habeas corpus review.

Procedural default caused by failure to exhaust administrative review can be overcome if the petitioner shows cause and prejudice or shows that failure to consider the claims will result in

a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Moffat,* 288 F.3d at 982. The petitioner has not responded to the motion to dismiss nor has he otherwise shown adequate cause or a fundamental miscarriage of justice.

The Court also notes that if the suspended sanction was not imposed, then the petitioner's sanction did not affect the fact or anticipated duration of his confinement, and thus it is not sufficient to meet the "in custody" requirement of the federal habeas statute, 28 U.S.C. § 2254(a). *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). The record does not reflect, however, whether the sanction was ever imposed.

Because the undisputed record reflects that the petitioner failed to timely exhaust his available administrative remedies before filing this action, the respondent's unopposed motion to dismiss [dkt. 12] must be **GRANTED.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/28/2017

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTONIO MARTIN #258022
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronically registered counsel